UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI

**EVANS FRUIT CO., INC., a Washington**
**Corporation,**                                                                                                    **PLAINTIFF**

**vs.**                                                                       **CIVIL ACTION NO. 4:07cv144 DPJ-JCS**

**JOHN F. PLUMMER, individually and**
**doing business as GREENLAND FARMS,**
**and ANGELA K. PLUMMER, an individual**                                         **DEFENDANTS**

### TEMPORARY RESTRAINING ORDER

This matter is before the Court upon Plaintiff's Ex-Parte Motion for Temporary Restraining Order pursuant to Rule 65(b) of the Federal Rules of Civil Procedure.  Pursuant to Rule 65(b), a Temporary Restraining Order may be granted without notice to the adverse party only if:  (1) it clearly appears from specific facts shown by Affidavit or verified complaint that immediate and irreparable injury, loss or damage will result before the adverse party can be heard in opposition, and (2) the applicant's attorney certifies the reasons that notice should not be required.

In this case, it clearly appears from the Affidavit of Jeannette Evans that Plaintiff, Evans Fruit Co., Inc., is a produce dealer and trust creditor of Defendant, John F. Plummer, an individual doing business as Greenland Farms ("Greenland Farms"), under Section 5(c) of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §499e(c), and has not been paid for produce in the total amount of $20,061.25 supplied to said Defendant as required by PACA.  It is also clear from the same Affidavit and the Certification of Counsel that said Defendant is in severe financial jeopardy and the PACA trust assets are being dissipated or threatened with dissipation (Frio Ice, S.A. v. Sunfruit, Inc., 918 F.2d 154 (11th Cir. 1990)) and that said Defendant is not or may not be in a position to pay the claims of Evans Fruit Co., Inc. (Tanimura & Antle, Inc. v. Packed Fresh Produce,

Inc., 222 F.3d 132, 141 (3d Cir. 2000)), thereby warranting the relief requested by Plaintiff.  On the basis of the pleadings, Affidavit and other submissions Plaintiff has filed in this matter, it appears Plaintiff will suffer immediate and irreparable injury due to Greenland Farms' dissipation of Plaintiff's beneficial interest in the statutory trust created pursuant to 7 U.S.C. §499e(c) and that such dissipation will continue in the absence of injunctive relief.  Therefore, the Court is of the opinion that a Temporary Restraining Order should be issued.

If notice is given to Defendant of the pendency of this motion, trust assets will be further threatened with dissipation before the motion is heard.  As noted in the legislative history of PACA, once dissipation has occurred, recovery of trust assets is all but impossible. H.R. Rep. No. 543, 98th Cong., 2d Sess. 4 (1983), reprinted in 1984 U.S. Code & Admin. News 405, 411.  J.R. Brooks & Son, Inc. v. Norman's Country Market, Inc., 98 B.R. 47 (Bkrtcy. N.D.Fla. 1989).  Entry of this Order without notice assures retention of the trust assets under the control of this Court, which is specifically vested with jurisdiction over the trust.  7 U.S.C. §499e(c)(5).  In accord with Rule 65(b)(2), Plaintiff's attorney has certified why notice should not be required.

Based on the foregoing, this Court finds that Plaintiff will suffer immediate irreparable injury in the form of a loss of trust assets unless this Order is granted without notice.

Therefore, it is by the United States District Court for the Southern District of Mississippi,

**ORDERED:**

1.    Defendant, John F. Plummer, an individual doing business as Greenland Farms, its agents, officers, subsidiaries, assigns, banking and financial institutions, and all persons in active concert or participation with said Defendant, including Angela K. Plummer, are enjoined and restrained from dissipating, paying, transferring, assigning or selling any and all assets covered by or subject to the trust provisions of the PACA without agreement of Plaintiff, or until further order

of this Court.

2.   Under §499e(c)(2) of PACA, the assets subject to this Order include all of the assets of Greenland Farms, unless Greenland Farms can prove to this Court that a particular asset is not derived from perishable agricultural commodities, inventories of food or other products derived from perishable agricultural commodities or receivables or proceeds from the sale of such commodities or products.  Provided, however, Greenland Farms may sell perishable agricultural commodities or products derived from perishable agricultural commodities for fair compensation, without right of set-off, on the condition that Greenland Farms maintains the proceeds of such sale subject to this Order.

3.   This Order shall be binding upon the parties to this action and all other persons or entities who receive actual notice of this Order by personal service or otherwise.

4.   The $20,061.25 in PACA trust assets belonging to Plaintiff and in the possession of Greenland Farms will serve as Plaintiff's security for this injunction as required by Rule 65(c) of the Federal Rules of Civil Procedure.

5.   This Temporary Restraining Order is entered this 20th day of November, 2007, at 9:00 ☒ a.m. ☐ p.m.

6.   A hearing on Plaintiff's Motion for Preliminary Injunction is set for November 29, 2007, at 9:00 ☒ a.m. ☐ p.m.

7.   Plaintiff shall serve a copy of this Order by personal service, including by facsimile transmission or federal express, on or before the 21st day of November, 2007.  Such service will be deemed good and sufficient.

8.   Defendants shall file any and all responsive papers to Plaintiff's Motion on or before November 28, 2007 at noon.

**SO ORDERED AND ADJUDGED** this the 20th day of November, 2007.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

Presented by:

/s/Jeffrey K. Tyree
Jeffrey K. Tyree, MSB No. 9049
HARRIS JERNIGAN & GENO PLLC
587 Highland Colony Parkway
Ridgeland, MS 39158-3380
Telephone No.:  (601) 948-0048
Facsimile No.:  (601) 948-0050